# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOHN JAMES DIETZLER,**

               Plaintiff,

                                           **Case No. 07-C-744**

      -vs-

**MOSHE AND MARCY,**
**DIROT PROPERTIES,**

               Defendants.

## DECISION AND ORDER

The plaintiff, John James Dietzler ("Dietzler"), is a tenant at a residential building located at 1733 N. Cambridge, Milwaukee, Wisconsin. According to the complaint, Dietzler has a cognitive disability. Dietzler alleges that his landlords exploit his disability by hiring him to do maintenance work around the building and in other properties for very low, substandard wages. Dietzler also alleges that he was periodically overcharged for his monthly rent payments. Dietzler requests leave to proceed *in forma pauperis* ("IFP").

The problem with Mr. Dietzler's complaint is that it was prepared and signed by his daughter, Jessica Dietzler, who is not an attorney. Under 28 U.S.C. § 1654, a plaintiff may present his own case *pro se* or have it brought before the court by a licensed attorney – those are the only two alternatives. *See Lindstrom v. State of Illinois*, 632 F. Supp. 1535, 1537 (N.D. Ill. 1986). In other words, Mr. Dietzler can either represent himself or obtain a lawyer to represent him. He cannot be represented by his daughter.

However, Mr. Dietzler's alleged cognitive disability might implicate Fed. R. Civ. P. 17(c), which provides that an "*incompetent person* who does not have a duly appointed representative *may sue by a next friend* or by a guardian ad litem." While a guardian ad litem must be a lawyer, a next friend can be a lay person. *See T.W. v. Brophy*, 954 F. Supp. 1306, 1309 (E.D. Wis. 1996). A purported next friend must (1) provide an adequate explanation as to why the real party in interest cannot bring the suit himself; (2) be dedicated to the incompetent person's interests; and (3) have some significant relationship with the incompetent person. *See id.* (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1989)).

The allegations of the complaint are insufficient to establish "next friend" standing. Jessica Dietzler makes only vague references to her father's "disability" and "brain injury." This does not adequately explain why Mr. Dietzler cannot bring suit as the real party in interest. There are no allegations that Mr. Dietzler is illiterate or completely unable to communicate. In fact, at one point Jessica describes how her father takes notes in his computer to help with his memory loss. Mr. Dietzler also does a variety of maintenance jobs for his landlords. This does not strike the Court as an individual who can be considered mentally incompetent and unable to represent his own interests.[1]

The Court acknowledges that it must liberally construe this *pro se* complaint. But the issue of whether Mr. Dietzler's daughter has standing to proceed as Mr. Dietzler's "best friend" is jurisdictional. *See Whitmore*, 495 U.S. at 164 ("The burden is on the 'next friend' to clearly establish the propriety of his status and thereby justify the jurisdiction of the

---

[1] Also absent are any allegations that Jessica is dedicated to her father's interests in this lawsuit.

-2-

Court"). Because a federal court's jurisdiction is limited, it has a "nondelegable duty to police the limits of federal jurisdiction with meticulous care." *Market St. Assocs. Ltd. P'ship v. Frey*, 941 F.2d 588, 590 (7th Cir. 1991); Fed. R. Civ. P. 12(h)(3). "Policing the border of federal jurisdiction" is both a duty and a constitutional "necessity." *Unified Catholic Schs. of Beaver Dam Educ. Ass'n v. Universal Card Servs. Corp.*, 34 F. Supp. 2d 714, 717 n.2 (E.D. Wis. 1999). Pursuant to this duty, the Court concludes that this matter must be dismissed for lack of jurisdiction.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Dietzler's request for leave to proceed IFP is **DENIED**; and

2. This matter is **DISMISSED** for lack of jurisdiction.

Dated at Milwaukee, Wisconsin, this 4th day of September, 2007.

                    **SO ORDERED,**

                    s/ Rudolph T. Randa
                    **HON. RUDOLPH T. RANDA**
                    **Chief Judge**